IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HOWARD SNYDER, )
              Plaintiff )
)
vs. ) Civil Action No. 08-566
) Magistrate Judge Amy Reynolds Hay
FENWAL, INC.; TPG, )
              Defendants )

## **MEMORANDUM OPINION**

HAY, Magistrate Judge

Having fully considered the Plaintiff's Motion to Certify Order for Appeal or, in the Alternative, to Extend Time to File Notice of Appeal (Doc. 45), in light of the arguments made and case law cited, the Court denies both Motions.

An Order of the Court filed on January 23, 2009 (Doc. 43) granted a Motion to Dismiss filed by Baxter Healthcare, and dismissed the Plaintiff's state law claims as to all Defendants. The Plaintiff, who did not file an appeal within the thirty days allotted under Fed. R. App. P. 4(a)(1)(A), now seeks to appeal that Order out of time. Twenty nine days after the appeal deadline, the Plaintiff filed the pending Motions, arguing that confusion in the docket should excuse his failure to file a timely appeal.[1] This "confusion" arose, he says, because the Court's Order did not state that there was no just reason for delay of an appeal, and did not direct entry of a final judgment as to Baxter or with respect to the state law claims.

"*Ordinarily,* an order which terminates fewer than all claims, or claims against fewer than

---

[1] Fed. R. App .Proc. 4(a)(5)(A) provides that "[t]he district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

all parties, does not constitute a 'final' order for purposes of appeal under § 1291 provided for in F. R. Civ. P. 54((b)." [2] Berckeley Inv. Group, Ltd. v. Colkitt, 259 F.3d 135, 140 (3d. Cir. 2001) (quoting Carter v. City of Philadelphia, 181 F.3d 339, 343 (3d Cir. 1999) (emphasis added)). In order to benefit "sound judicial administration" by relaxing the "final decision" rule, "especially in complex cases involving multiple litigants and claims, Federal Rule of Civil Procedure 54(b) was promulgated in 1959 to permit the District Court to enter 'partial' final judgments of less than all of the claims." Id. (quoting Mackey v. Sears, Roebuck & Co., 351 U.S. 427, 433-34 (1956)). The case law establishes that a District Court's order issued pursuant to Rule 54(b) may be appealed immediately only where the order states specifically that the Court has determined that there is no just reason for delay, and has directed entry of final judgment. Berckeley, 259 F.3d at 142 n.7. The case law also establishes that factors favoring an immediate appeal[3] "stand not as a jurisdictional

---

[2]This Rule reads as follows:

(b) **Judgment on Multiple Claims or Involving Multiple Parties.** When an action presents more than one claim for relief - whether as a claim, counter-claim, cross claim, or third party claim - or when multiple parties are involved, the court may direct entry of a final judgment as to one or more but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and     liabilities.

[3]An illustrative list of factors to be evaluated in considering a Rule 54 certification was set out by the Court of Appeals for the Third Circuit in Allis-Chalmers Corp. v. Philadelphia Elec. Co., 521 F.2d 360, 364 (1975). Depending upon the facts of the particular case, all or some of the factors listed below may affect the propriety of the District Court's discretion in certifying a judgment as final under Rule 54(b):

1) the relationship between the adjudicated and unadjudicated claims; 2) the possibility that the need for review might or might not be mooted by future developments in the district court; 3) the possibility that the reviewing court might be obliged to consider the same issue a second time; 4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be

prerequisite but as a prophylactic means of enabling the appellate court to ensure that immediate appeal will advance the purpose of the rule." Id. at 142 (quoting Carter, 181 F.3d at 345).

The Court need not address the Rule 54(b) requirements further; it is clear that the Court's January 23 Order did not satisfy - and did not purport to satisfy - the criteria for an immediate appeal. It is also clear that the Plaintiff did not notify the Court that he wished to take an immediate appeal until well after the time for appeal had expired. What the Court must examine next is whether the substance or form of the Order gave rise to excusable neglect or good cause, thereby justifying the Plaintiff's delay in seeking to file an appeal. The Court finds nothing in the Order to warrant its modification or an extension of the time for appeal.

"Rule 4(a)(5)'s excusable neglect standard requires a case-by-case analysis. In order to judiciously apply the standard, a court must, at a minimum, make findings as to the reasons underlying counsel's inadvertence. There is a qualitative distinction between inadvertence which occurs despite counsel's affirmative efforts to comply and inadvertence which results from counsel's lack of diligence." Consol. Freightways Corp. of Delaware v. Larson, 827 F.2d 916, 919 (3d Cir. 1987). The Court of Appeals for Third Circuit has identified five factors that are particularly relevant to a Rule 4 excusable neglect inquiry: 1) whether the inadvertence reflects professional incompetence such as ignorance of the rules of procedure; 2) whether the asserted inadvertence reflects an easily manufactured excuse incapable of verification by the court; 3) whether the tardiness resulted from counsel's failure to provide for a readily foreseeable consequence; 4) whether the inadvertence reflects a complete lack of diligence; or 5) whether the court is satisfied that the

---

made final; 5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

Id. at 364 (citations omitted).

inadvertence resulted despite counsel's substantial good faith efforts toward compliance. Id. (citations omitted). These factors, on balance, do not favor the Plaintiff.

The Plaintiff's attorneys are experienced litigators who appear frequently in federal court. They are - or certainly should be - well acquainted with pre-trial procedure, including the time period established for the filing of an appeal. Their claim that the wording of the Order granting Baxter's Motion to Dismiss was confusing is disingenuous. The Court of Appeals confirms this conclusion in its observation that most orders disposing of fewer than all claims or an order which terminates fewer than all parties, are not final for purposes of appeal under § 1291. See Berkeley, 259 F.3d at 140. There is nothing unusual or confusing in the Court's January 23 Order. If Plaintiff's attorneys did not understand the Order or the governing procedure, they should have sought clarification during the time allotted for the filing of an appeal. Had they done so, notifying the Court that they wished to file an immediate appeal, the Court would have analyzed the relevant factors and, if appropriate, modified the wording of the Order to satisfy the criteria for appealability.

There is nothing in the Plaintiff's filings to indicate why he was unable to do in a timely manner exactly what he has done here. The Court does not find any ground upon which to base a finding of excusable neglect or just cause for the delay in filing an appeal. Both the Motion to Certify Order for Appeal (Doc. 45) and the alternative Motion to Extend Time to File Notice of Appeal (Doc. 45) will be denied. An appropriate Order follows.

                                                /s/ *Amy Reynolds Hay*
                                                United States Magistrate Judge

Dated : 7 April, 2009

cc:     Counsel of Record via CM-ECF